KAREN P. HEWITT
United States Attorney
LAWRENCE A. CASPER
Assistant U.S. Attorney
California State Bar No. 235110
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone No.: (619) 557-7455
Facsimile No.: (619) 235-2757
Lawrence.Casper@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GABINO ALBERTO RODRIGUEZ-LARA, <br><br> Defendant. | Criminal Case No. 08CR0373-JM <br><br> District Judge: Hon. Jeffrey T. Miller <br> Courtroom: 16 (Fifth Floor) <br> Date: March 28, 2008 <br> Time: 11:00 a.m. <br><br> UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO: <br><br> (1) COMPEL DISCOVERY; <br> (2) PRESERVE EVIDENCE; <br> (3) RE-WEIGH NARCOTICS EVIDENCE; and <br> (4) GRANT LEAVE TO FILE FURTHER MOTIONS <br><br> TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES AND UNITED STATES': <br><br> (1) MOTION FOR RECIPROCAL DISCOVERY |

Plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and LAWRENCE A. CASPER, Assistant U.S. Attorney, hereby files its Response and Opposition to the above-described motions filed by Defendant Gabino Alberto Rodriguez-Lara (Defendant) and its Motion For Reciprocal Discovery. This Response in Opposition and Government motion is based upon the files and records of this case.

# I

## STATEMENT OF FACTS

### A.    Statement of the Case

A federal grand jury on February 13, 2008 returned a two-count Indictment charging Defendant Gabino Alberto Rodriguez-Lara with: (1) importing approximately 22.96 kilograms (approximately 50.51 pounds) of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and (2) possessing with intent to distribute that same amount of marijuana, in violation of 21 U.S.C. § 841(a)(1).

### B.    Statement of Facts

#### 1.    Primary Inspection: Defendant's Nervousness & Lookout For Non-Factory Compartment

On December 14, 2007, at approximately 4:17 p.m., Defendant Gabino Alberto Rodriguez-Lara (Defendant) was the driver and sole occupant of a maroon 1994 Ford Escort bearing California license plates (BCN9638) that attempted to cross into the United States from Mexico at the Calexico West Port of Entry.

Customs and Border Protection Officer Carmen Estrada was assigned to primary lane number four when Defendant approached. Defendant identified himself with a Border Crossing Card. CBPO Estrada observed the Defendant drop his card and witnessed the Defendant's hands shaking as he picked the card up to hand to the Officer. Defendant provided a negative customs declaration and CBPO Estrada inquired about the vehicle and the Defendant's destination. Defendant claimed that he had purchased the vehicle approximately three months earlier but that he had not yet registered the vehicle in his name. Defendant claimed he was on his way to Calexico to visit his girlfriend. During primary inspection, CBPO Estrada noticed that Defendant failed to make eye contact while responded to questions and maintained his hands on his knees with a hard grip throughout the questioning. A Treasury Enforcement Communications System (TECS) query of Defendant's name resulted in an active lookout due to a non-factory compartment found in a vehicle registered to the Defendant. CBPO Estrada referred Defendant and his vehicle for secondary inspection.

//

1        **2.**    **Secondary Inspection: Defendant's Nervousness & Discovery of Marijuana**

2    CBPO Miguel Cardenas assumed responsibility for the inspection in the secondary lot.

3    Defendant provided a negative customs declaration and told the CBPO that he was late for a dinner

4    date with his girlfriend in Calexico, California.  CBPO Cardenas questioned Defendant about the

5    vehicle and Defendant claimed he had owned the vehicle for three months but had not registered the

6    vehicle in his name.  CBPO Cardenas observed that Defendant's hands were shaking and were

7    constantly grabbing his knees.  During their conversation, Customs and Border Protection Canine

8    Enforcement Officer (CEO) Scott Parrish was conducting a lot sweep with his narcotic detector dog;

9    the dog alerted to the trunk area of this vehicle.  CEO Parrish informed CBPO Cardenas of the alert.

10    CBPO continued his examination of the vehicle and discovered two packages concealed

11    within the spare tire wheel well located in the green trunk area of the vehicle.  CBPO Cardenas

12    probed a package, exposing a green leafy substance which field tested positive for marijuana.  A

13    total of two packages with a net weight of 22.96 kilograms (50.51 pounds) were removed from the

14    vehicle.

15    Immigration and Customs Enforcement (ICE) Special Agents Lorena Mulvihill and Chad

16    Worgen responded to the apprehension of the Defendant.  At approximately 7:18 p.m. Defendant

17    was read his <u>Miranda</u> rights and invoked.

18        **3.**    **Criminal History of Defendant**

19    The Defendant has no known criminal history.

20    **II**

21    **ARGUMENT**

22
23    **A.**    **THE GOVERNMENT WILL COMPLY WITH ALL DISCOVERY OBLIGATIONS**

24    The Government intends to continue full compliance with its discovery obligations under

25    <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. 3500), and Rule 16 of the Federal

26    Rules of Criminal Procedure.[1]  To date, the Government has provided 93 pages of discovery as well

27    ———————————————

28        [1]  Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.

as DVD that includes the advisals of rights of Defendant.  The Government anticipates that all discovery issues can be resolved amicably and informally, and has addressed Defendant's specific requests below.

### (1)  Defendant's Statements

The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements.  The Government has produced all of the Defendant's statements that are known to the undersigned Assistant U.S. Attorney at this date.  If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be provided to Defendant.

The Government has no objection to the preservation of the handwritten notes taken by any of the agents and officers.  See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing Defendant with a copy of the rough notes at this time.  Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report.  See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report).  The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness.  United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980).  The rough notes in this case do not constitute "statements" in accordance with the Jencks Act.  See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms).  The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment.  Brown, 303 F.3d at 595-96 (rough notes were not Brady material

1   because the notes were neither favorable to the defense nor material to defendant's guilt or

2   punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents'

3   rough notes contained Brady evidence was insufficient).  If, during a future evidentiary hearing,

4   certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in

5   question will be provided to Defendant.

6                      **(2)      Arrest reports, notes, dispatch tapes**

7           The Government has provided Defendant with all known reports related to Defendant's

8   arrest in this case that are available at this time.  The Government will continue to comply with its

9   obligation to provide to Defendant all reports subject to Rule 16.  As previously noted, the

10  Government has no objection to the preservation of the agents' handwritten notes, but objects to

11  providing Defendant with a copy of the rough notes at this time because the notes are not subject

12  to disclosure under Rule 16, the Jencks Act, or Brady.  The United States is presently unaware of

13  any dispatch tapes in regard to this case in which defendant was arrested at the port of entry.

14                            **(3)      Brady Material**

15          The Government has and will continue to perform its duty under Brady to disclose material

16  exculpatory information or evidence favorable to Defendant when such evidence is material to guilt

17  or punishment.  The Government recognizes that its obligation under Brady covers not only

18  exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on

19  behalf of the United States.  See Giglio v. United States, 405 U.S. 150, 154 (1972); United States

20  v. Bagley, 473 U.S. 667, 676-77 (1985).  This obligation also extends to evidence that was not

21  requested by the defense.  Bagley, 473 U.S.  at 682; United States v. Agurs, 427 U.S. 97, 107-10

22  (1976).  "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable

23  probability that, had the evidence been disclosed to the defense, the result of the proceeding would

24  have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc).  The final

25  determination of materiality is based on the "suppressed evidence considered collectively, not item

26  by item."  Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

27          Brady does not, however, mandate that the Government open all of its files for discovery.

28  See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam).  Under Brady, the

1    Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence

2    (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the

3    defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995));

4    (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380,

5    389-90 (9th Cir. 1999), amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the

6    undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control

7    over.  (see United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001)).  Nor does Brady

8    require the Government "to create exculpatory evidence that does not exist," United States v.

9    Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply a

10   defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432,

11   438 (9th Cir. 1976).

12                    **(4)    Sentencing Information**

13           The United States is not obligated under Brady v. Maryland, 373 U.S. 83 (1963), and its

14   progeny to furnish a defendant with information which he already knows.  United States v. Taylor,

15   802 F.2d 1108, 1118 n.5 (9th Cir. 1986).  Brady is a rule of disclosure, and therefore, there can be

16   no violation of Brady if the evidence is already known to the defendant.  In such case, the United

17   States has not suppressed the evidence and consequently has no Brady obligation.  See United States

18   v. Gaggi, 811 F.2d 47, 59 (2d Cir. 1987).

19           But even assuming Defendant does not already possess the information about factors which

20   might affect his guideline range, the United States would not be required to provide information

21   bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty

22   and prior to his sentencing date.  See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir.

23   1988) ("No [Brady] violation occurs if the evidence is disclosed to the defendant at a time when the

24   disclosure remains in value.").  Accordingly, Defendant's demand for this information is premature.

25                    **(5)    Defendant's Prior Record**

26           The United States has already provided Defendant with a copy of any criminal record in

27   accordance with Federal Rule of Criminal Procedure 16(a)(1)(D).

28   //

1

2       **(6)     Proposed 404(b) and 609 Evidence**

3               Should the United States seek to introduce any similar act evidence pursuant to Federal Rules

4       of Evidence 404(b) or 609(b), the United States will provide Defendant with notice of its proposed

5       use of such evidence and information about such bad act at or before the time the United States' trial

6       memorandum is filed.  The United States reserves the right to introduce as prior act evidence any

7       conviction, arrest or prior act that is disclosed to the defense in discovery.  The United States also

8       notes that it objects to Defendant's claim that all TECS records, including those that may be used

9       as impeachment or in rebuttal, constitute 404(b) evidence that is discoverable.  As detailed above,

10      the United States has no objection to the preservation of the agents' handwritten notes, but objects

11      to providing Defendant with a copy of the rough notes at this time because the notes are not subject

        to disclosure under Rule 16, the Jencks Act, or <u>Brady</u>.

12                       **(7)     Evidence Seized**

13              The  United  States  has  complied  and  will  continue  to  comply  with  Rule  16(a)(1)(C)  in

14      allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical

15      evidence which is within the possession, custody or control of the United States, and which is

16      material to the preparation of Defendant's defense or are intended for use by the United States as

17      evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

18              The United States, however, need not produce rebuttal evidence in advance of trial.  <u>United</u>

19      <u>States v. Givens</u>, 767 F.2d 574, 584 (9th Cir. 1984), <u>cert. denied</u>, 474 U.S. 953 (1985).

20                       **(8)     Tangible Objects**

21              The  Government  has  complied  and  will  continue  to  comply  with  Rule  16(a)(1)(E)  in

22      allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all

23      tangible objects seized that are within its possession, custody, or control, and that are either material

24      to the preparation of Defendant's defense, or are intended for use by the Government as evidence

25      during its case-in-chief at trial, or were obtained from or belong to Defendant.   The Government

26      need not, however, produce rebuttal evidence in advance of trial.  <u>United States v. Givens</u>, 767 F.2d

27      574, 584 (9th Cir. 1984).

28      //

**(9)     Evidence of Bias or Motive to Lie**

The United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant.  The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

**(10)     Impeachment Evidence**

The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to lie.

**(11)     Evidence of Criminal Investigation of Any Government Witness**

Defendants are not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities.  "[T]he criminal records of such [Government] witnesses are not discoverable." <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976); <u>United States v. Riley</u>, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); <u>cf.</u> <u>United States v. Rinn</u>, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)(C) to supply a defendant with the criminal records of the Government's intended witnesses.") (citing <u>Taylor</u>, 542 F.2d at 1026).

The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government intends to call in its case-in-chief.  When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief.  <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

**(12)     Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling**

The United States is unaware of any evidence indicating that a prospective witness has a problem with perception, recollection, communication, or truth-telling.  The United States recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide material evidence that could be used to

1    impeach Government witnesses including material information related to perception, recollection

2    or ability to communicate.  The Government objects to providing any evidence that a witness has

3    ever used narcotics or other controlled substances, or has ever been an alcoholic because such

4    information is not discoverable under Rule 16, <u>Brady</u>, <u>Giglio</u>, <u>Henthorn</u>, or any other Constitutional

5    or statutory disclosure provision.

6              **(13)    <u>Witness Addresses</u>**

7              The Government has already provided Defendant with the reports containing the names of

8    the agents involved in the apprehension and interviews of Defendant.  A defendant in a non-capital

9    case, however, has no right to discover the identity of prospective Government witnesses prior to

10   trial.  <u>See Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977); <u>United States v. Dishner</u>, 974 F.2d

11   1502, 1522 (9th Cir 1992) (citing <u>United States v. Steel</u>, 759 F.2d 706, 709 (9th Cir. 1985)); <u>United</u>

12   <u>States v. Hicks</u>, 103 F.23d 837, 841 (9th Cir. 1996).   Nevertheless, in its trial memorandum, the

13   Government will provide Defendant with a list of all witnesses whom it intends to call in its case-in-

14   chief, although delivery of such a witness list is not required.  <u>See United States v. Discher</u>, 960 F.2d

15   870 (9th Cir. 1992); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).

16             The Government objects to any request that the Government provide a list of every witness

17   to the crimes charged who will not be called as a Government witness.  "There is no statutory basis

18   for granting such broad requests," and a request for the names and addresses of witnesses who will

19   not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(C)."  <u>United States v. Hsin-</u>

20   <u>Yung</u>, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting <u>United States v. Boffa</u>, 513 F. Supp. 444, 502

21   (D. Del. 1980)).  The Government is not required to produce all possible information and evidence

22   regarding any speculative defense claimed by Defendant.  <u>Wood v. Bartholomew</u>, 516 U.S. 1, 6-8

23   (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery

24   of admissible exculpatory evidence are not subject to disclosure under <u>Brady</u>).

25             **(14)    <u>Name of Witnesses Favorable to Defendant</u>**

26             As stated earlier, the Government will continue to comply with its obligations under <u>Brady</u>

27   and its progeny.  At the present time, the Government is not aware of any witnesses who have made

28   an arguably favorable statement concerning the defendant.

**(15)** **Statements Relevant to the Defense**

The United States will comply with all of its discovery obligations. However, "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." Gardner, 611 F.2d at 774-775 (citation omitted).

**(16)** **Jencks Act Material**

The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). While the Government is only required to produce all Jencks Act material after the witness testifies, the Government plans to provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

**(17)** **Giglio Information**

As stated previously, the United States will comply with its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), and Giglio v. United States, 405 U.S. 150 (1972).

**(18)** **Reports of Scientific Tests or Examinations**

The United States is not aware of any scientific tests or examinations at this time but, if any scientific tests or examinations were conducted or are conducted in the future, the United States will provide Defendant with any reports of any such tests or examinations in accordance with Rule 16(a)(1)(F).

**(19)   Henthorn Material**

The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the Government intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002)(citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an in camera inspection and review.

**(20)   Informants and Cooperating Witnesses**

If the Government determines that there is a confidential informant who has information that is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause," the Government will either disclose the identity of the informant or submit the informant's identity to the Court for an in-chambers inspection. See Roviaro v. United States, 353 U.S. 53, 60-61 (1957) (emphasis added); United States v. Ramirez-Rangel, 103 F.3d 1501, 1505 (9th Cir. 1997) (same).

**(21)   Expert Witnesses**

The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary shall include the expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those opinions.

**(22)   Personnel Records of Government Officers Involved in the Arrest**

The United States objects to this request. Defendant has not shown how any personnel records of the arresting officers are relevant to this case. Defense counsel has no constitutional right to conduct a search of agency files to argue relevance. See Pennsylvania v. Ritchie, 480 U.S. 39, 59-60 (1987) (citing Weatherford v. Bursey, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and Brady did not create one")). Thus, the

1   United States will review these records for impeachment information and fully comply with its

2   Henthorn obligations, but will not provide these records as Rule 16 discovery.

3       The case cited by Defendant, Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974), has

4   been superceded by statute. See Fagan v. Superior Court, 111 Cal.App.4th 607 (2003). Moreover,

5   Pitchess involved a criminal case in which a defendant who claimed to have acted in self-defense

6   sought evidence as to the police officers' use of force on previous occasions. Pitchess, 11 Cal. 3d

7   at 534, 535. Pitchess is simply inapplicable to Defendant's case.

8                           **(23)    Training of Relevant Law Enforcement Officers**

9       Defendant's motion for extensive materials regarding training of law enforcement officers

10  including written, videotaped and other policies, training instructions and manuals to employees

11  should be denied. Defendant cites no authority that would entitle him to such discovery in general

12  or as applied to the facts of this case.

13                      **(24)    Names/Contact Information For All Agents in Field At Time of Arrest**

14      The United States has already produced reports and other documents which provided detailed

15  information concerning the Defendant's arrest. Defendant cites no authority that would entitle him

16  to discover "all agents in the field" nor, as detailed above, does the United States have an obligation

17  to provide addresses or other contact information.

18                           **(25)    Agreements Between the Government and Witnesses**

19      There are presently no such agreements.

20                                        **(26)    TECS Reports**

21      Defendant requests TECS reports. While some of this information may have already been

22  produced, the United States objects to this request. The United States does not intend to provide

23  Defendant with Custom's TECS information unless the United States decides to introduce such

24  evidence pursuant to Rule 404(b). See United States v. Vega, 188 F.3d 1150, 1153 (9th Cir. 1999).

25  Otherwise, such evidence is only available to the defendant if it is "relevant to the development of

26  a possible defense," United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir. 1990) (citations and

27  quotations omitted), or it "enable[s] the accused to substantially alter the quantum of proof in his

28

1  favor." <u>United States v. Marshall</u>, 532 F.2d 1279,1285 (9th Cir. 1976).  Defendant has shown

2  neither.

(27)  <strong><u>Opportunity to Weigh, View and Photograph Contraband</u></strong>

4  The United States has no objection to the Court providing Defense counsel with an

5  opportunity to view and photograph the contraband at issue in this case and affording Defense

6  counsel an opportunity to be present for a re-weighing with reasonable notice at an appropriate time

7  that is mutually agreeable to the parties.

(28)  <strong><u>DEA-7</u></strong>

9  The United States will provide a copy of the DEA-7 upon receipt.

(29)  <strong><u>Narcotic Detector Dog Information</u></strong>

11  If the United States intends to rely on the alert by the narcotics detector dog in this case, it

12  will provide discovery as mandated by law.

(30)  <strong><u>Residual Request</u></strong>

14  The Government will comply with all of its discovery obligations, but objects to the broad

15  and unspecified nature of Defendant's residual discovery request.

16  **B.  THE UNITED STATES DOES NOT OPPOSE THE MOTION TO PRESERVE THE VEHICLE IN THIS CASE**

17  The United States does not oppose the Defendant's request to preserve the vehicle involved

18  in this case; in fact, the United States has already arranged for, and the Defendant's investigator has

19  completed, an inspection of the vehicle and its contents.

20  **C.  THE UNITED STATES HAS NO OBJECTION TO A RE-WEIGHING OF THE MARIJUANA IN THIS CASE BUT DOES OBJECT TO THE PROPOSED ORDER SUBMITTED BY DEFENSE COUNSEL**

22  The United States has no objection to a re-weighing of the marijuana in this case but does

23  object to the proposed language in the order submitted by Defense counsel.  If the Court is inclined

24  order a re-weighing, the United States suggests that the following be substituted for the first sentence

25  in the Defendant's proposed order: "It is hereby ordered that, if requested by Defendant, the United

26  States and its agents re-weigh the drugs seized in the above-referenced case, without packaging, in

27  the presence of the defense attorney and/or her agents and, at the time of the re-weighing the United

28  States shall permit inspection by the defense attorney and/or her agents of the drugs seized.  Such

13

08CR0373-JM

1   re-weighing shall take place no later than three weeks before the trial of this case and shall be

2   arranged at a time mutually convenient to the parties." In addition, the Court should strike the word

3   "emergency" from the second sentence of the Defendant's proposed order. On March 7, 2008, the

4   undersigned counsel for the United States has proposed similar language to Defense counsel but has

5   not yet heard back.

6   **D.    THE UNITED STATES DOES NOT OPPOSE LEAVE TO FILE FURTHER MOTIONS SO LONG AS BASED ON NEW EVIDENCE**

7
8   The Government does not object to the granting of leave to file further motions as long as

9   the order applies equally to both parties and any additional defense motions are based on newly

10   discovered evidence or discovery provided by the Government subsequent to the instant motion.

11   **III**

12   **GOVERNMENT'S MOTION TO COMPEL RECIPROCAL DISCOVERY**

13   **A.    All Evidence That Defendant Intends To Introduce In His Case-In-Chief**

14   Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E),

15   the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1),

16   requests that Defendant permit the Government to inspect, copy and photograph any and all books,

17   papers, documents, photographs, tangible objects, or make copies or portions thereof, which are

18   within the possession, custody, or control of Defendant and which Defendant intends to introduce

19   as evidence in his case-in-chief at trial.

20   The Government further requests that it be permitted to inspect and copy or photograph any

21   results or reports of physical or mental examinations and of scientific tests or experiments made in

22   connection with this case, which are in the possession and control of Defendant, which he intends

23   to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant

24   intends to call as a witness. The Government also requests that the Court make such order as it

25   deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal

26   discovery to which it is entitled.

27
28

1

   **B.    Reciprocal Jencks – Statements By Defense Witnesses**

2          Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires

3  production of the prior statements of all witnesses, except a statement made by Defendant. The time

4  frame established by Rule 26.2 requires the statements to be provided to the Government after the

5  witness has testified. However, to expedite trial proceedings, the Government hereby requests that

6  Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date

7  before trial to be set by the Court. Such an order should include any form in which these statements

8  are memorialized, including but not limited to, tape recordings, handwritten or typed notes and

9  reports.

10                                          **IV**

11                                    **CONCLUSION**

12         For the foregoing reasons, the United States requests the Court deny Defendant's motions

13  and grant the Government's motion for reciprocal discovery.

14         Dated: March 23, 2008

15                                      Respectfully submitted,

16                                      KAREN P. HEWITT
                                        United States Attorney
17
                                        *s/Lawrence A. Casper*
18
                                        LAWRENCE A. CASPER
19                                      Assistant U.S. Attorney

20

21

22

23

24

25

26

27

28

                                           15                          08CR0373-JM

1

2

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0373-JM |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| GABINO ALBERTO RODRIGUEZ-LARA, | ) | |
| Defendant. | ) | |

4

5

6

7

8

9      IT IS HEREBY CERTIFIED THAT:

10      I, Lawrence A. Casper, am a citizen of the United States and am at least eighteen years of
age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

11

12      I am not a party to the above-entitled action.  I have caused service of

UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:
13  (1) COMPEL DISCOVERY; (2) PRESERVE EVIDENCE; (3) RE-WEIGH THE MARIJUANA;
AND (4) GRANT LEAVE TO FILE FURTHER MOTIONS; AND

14

UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY
15

on the following parties by electronically filing the foregoing with the Clerk of the District Court
16  using its ECF System, which electronically notifies them.

17           **Candis Mitchell**
           **Attorney for defendant, Gabino Alberto Rodriguez-Lara**
18

19      I hereby certify that I have caused to be mailed the foregoing, by the United States Postal
Service, to the following non-ECF participants on this case:

20      **1.    None**

21

the last known address, at which place there is delivery service of mail from the United States Postal
22  Service.

23      I declare under penalty of perjury that the foregoing is true and correct.

24      Executed on March 23, 2008.

25

26           *s/ Lawrence A. Casper*
           LAWRENCE A. CASPER

27

28

08CR0373-JM