KAREN P. HEWITT
United States Attorney
PAUL L. STARITA
Assistant U.S. Attorney
California State Bar No. 219573
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6507/5956

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR0373-JM |
|---|---|
| Plaintiff, | ) Date: June 13, 2008 |
| | ) Time: 1:30 p.m. |
| v. | ) |
| | ) **STATEMENT OF FACTS AND** |
| GABINO ALBERTO RODRIGUEZ-LARA, | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES IN SUPPORT OF UNITED** |
| | ) **STATES' SUPPLEMENTAL MOTION <u>IN</u>** |
| Defendant. | ) **<u>LIMINE</u> TO ADMIT EVIDENCE** |
| | ) |

COMES NOW, the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Paul L. Starita, Assistant United States Attorney, and hereby files its statement of facts and memorandum of points and authorities in support of its supplemental motion <u>in</u> <u>limine</u>.

//
//
//
//
//
//
//
//

**I**

**STATEMENT OF THE CASE**

On February 13, 2008, a federal grand jury in the Southern District of California returned a two-count Indictment charging defendant Gabino Alberto Rodriguez-Lara ("Defendant") with: (i) importing approximately 22.96 kilograms (approximately 50.51 pounds) of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and (ii) possessing with intent to distribute that same amount of marijuana, in violation of 21 U.S.C. § 841(a)(1). Defendant was arraigned on February 29, 2008, and entered a not guilty plea in this case.

**II**

**STATEMENT OF FACTS**

**A.   PRIMARY INSPECTION AREA**

On December 14, 2007, at approximately 4:17 p.m., Defendant was the driver and sole occupant of a maroon 1994 Ford Escort bearing California license plates (BCN9638) that crossed into the United States from Mexico at the Calexico, California, West Port of Entry. Customs and Border Protection ("CBP") Officer Carmen Estrada was assigned to primary lane number four when Defendant applied for admission. Defendant presented his Border Crossing Card and CBP Officer Estrada observed Defendant drop his card. At this point, CBP Officer Estrada noticed Defendant's hands shaking as he picked the card up to hand it to him. Defendant provided a negative customs declaration and CBP Officer Estrada inquired about the vehicle and the Defendant's destination. Defendant claimed that he had purchased the vehicle approximately three months earlier but that he had not yet registered the vehicle in his name. Defendant claimed he was on his way to Calexico to visit his girlfriend. During this questioning, CBP Officer Estrada noticed that Defendant failed to make eye contact and kept his hands on his knees with a hard grip the entire time. A Treasury Enforcement Communications System ("TECS") query of Defendant's name resulted in an active lookout due to a non-factory compartment found in a vehicle registered to the Defendant. CBP Officer Estrada referred Defendant and his vehicle to the secondary inspection area for further processing.

//

//

**B.    SECONDARY INSPECTION AREA**

CBP Officer Miguel Cardenas assumed responsibility for the inspection in the secondary lot. Defendant provided a negative customs declaration and told the CBP Officer Cardenas that he was late for a dinner date with his girlfriend in Calexico, California. CBP Officer Cardenas questioned Defendant about the vehicle and Defendant claimed that he had owned the vehicle for three months but had not registered the vehicle in his name. CBP Officer Cardenas observed that Defendant's hands were shaking and he was constantly grabbing his knees. During their conversation, Customs and Border Protection Canine Enforcement Officer ("CEO") Scott Parrish was conducting a lot sweep with his narcotic detector dog. The dog alerted to the trunk area of Defendant's vehicle. CEO Parrish informed CBP Officer Cardenas of the alert.

CBP Officer Cardenas continued his examination of the vehicle and discovered two packages concealed within the spare tire wheel well located in the green trunk area of the vehicle. CBP Officer Cardenas Cardenas probed a package, exposing a green leafy substance which field tested positive for the presence of marijuana. A total of two packages with a total weight of 22.96 kilograms (50.51 pounds) were removed from the vehicle.

**C.    DEFENDANT'S POST-*MIRANDA* STATEMENT**

Immigration and Customs Enforcement (ICE) Special Agents Lorena Mulvihill and Chad Worgen responded to the apprehension of the Defendant. At approximately 7:18 p.m., Defendant was read his Miranda rights and he invoked.

**D.    PRIOR DETENTION AT CALEXICO WEST PORT OF ENTRY**

On or about November 30, 2007, Defendant was referred to the secondary inspection area at the Calexico West Port of Entry as the driver and sole occupant of a 2000 Volkswagen Jetta. At the secondary inspection area, Defendant presented his Border Crossing Card to CBP Officer Michael Price. CBP Officer Price noticed that Defendant was sitting too high in the vehicle. Officer Price asked Defendant standard questions regarding the vehicle's ownership and Defendant responded that he owned the vehicle and that he had owned it for two weeks. After CBP Officer Price had Defendant get out of the vehicle, he found a discrepancy in the floor of the vehicle under the front seat. CBP Officer Price then escorted Defendant into the secondary office. At this time, CBP Officer Price noticed that

1 Defendant was very nervous and Defendant attempted to "pull away" from CBP Officer Price. As a
2 result, CBP Officer Price placed Defendant in a holding cell so he could complete the inspection of
3 Defendant's vehicle. During further inspection, CBP Officer Price discovered a newly constructed non-
4 factory compartment under the front seat of the vehicle. CBP Officer Price opened the non-factory
5 compartment and discovered that it was empty. Defendant was then permitted to leave the Calexico
6 West Port of Entry with his vehicle and a "look-out" was placed in TECS for Defendant and the vehicle.

### III

### POINTS AND AUTHORITIES

**A.  THE COURT SHOULD ADMIT EVIDENCE OF ACTS THAT ARE "INEXTRICABLY INTERTWINED" WITH OFFENSES CHARGED**

Previously, pursuant to Federal Rule of Evidence, 404(b), the United States moved to admit evidence that on or about November 30, 2007, Defendant made application for admission to the United States from Mexico at the Calexico, California, West Port of Entry, while driving a vehicle that contained a non-factory compartment. Notwithstanding the United States previous motion in limine and its notice to Defendant, the United States now moves to admit this evidence because it is "inextricably intertwined with the offenses charged and, accordingly, Rule 404(b) does not apply.

Evidence of other conduct is not governed by Rule 404(b) when, as here, it is inextricably intertwined with the charged offense. United States v. Lillard, 354 F.3d 850, 854 (9th Cir. 2003); United States v. Beckman, 298 F.3d 788, 793-94 (9th Cir. 2002); United States v. Matthews, 240 F.3d 806, 817 (9th Cir. 2001). It is inextricably intertwined, for example, when necessary for the government to (1) show that defendant's acts are part of a single criminal transaction or (2) to provide the jury with a coherent and comprehensible account of the defendant's criminal conduct. Id. (citing United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012-13 (9th Cir. 1995)). See United States v. Williams, 291 F.3d 1180, 1189-90 (9th Cir. 2002); United States v. King, 200 F.3d 1207, 1214-15 (9th Cir. 1999). The government is entitled to prove the context in which the crime occurred. United States v. Rrapi, 175 F.3d 742, 748 (9th Cir. 1998); United States v. Collins, 90 F.3d 1420, 1428-29 (9th Cir. 1996). In this case, the United States contends that admission of evidence involving the Defendant's prior border stop would provide the jury with a "coherent and comprehensive account" of Defendant's conduct.

The United States' position is firmly supported by Ninth Circuit case law. In <u>Beckman</u>, the Ninth Circuit discussed how prior crossings of the defendant were inextricably intertwined with the charged offense. <u>Beckman</u> dealt with importation of 1541 pounds of marijuana in violation of 21 U.S.C. § 952 and 960. The Government presented testimony from a cooperating witness of Beckman's prior border crossings where he crossed drugs. <u>Beckman</u>, 298 F.3d at 794. Beckman objected and appealed after his conviction. However, the Ninth Circuit affirmed and stated:

> Gregg's [cooperating witness] testimony concerning Beckman's prior drug run was necessary to provide a 'coherent and comprehensible story' regarding the crimes for which Beckman was charged. The other act testimony was intended to establish Gregg's relationship to Beckman, to show that the relationship was ongoing, <u>to refute Beckman's claim that he had no knowledge that marijuana was in the trailer, and to explain why Beckman was entrusted with marijuana valued at over $1 million</u>. [emphasis added]

<u>Id.</u> at 794. The Court concluded that the evidence was outside the scope of Rule 404(b) as it was inextricably intertwined with the charged offense. <u>Id</u>.

In this case, the evidence that the United States seeks to admit at trial is inextricably intertwined with the instant offense as it (1) is evidence of Defendant's knowledge of the presence of marijuana in the vehicle in the instant case, (2) explains why Defendant was referred for secondary inspection, and (3) explains why Defendant was driving a vehicle that he had allegedly purchased three months prior to his arrest but had still not registered in his own name.

## IV

## **CONCLUSION**

For the above stated reasons, the United States respectfully requests that its Supplemental Motion <u>in</u> <u>Limine</u> be granted.

DATED: May 30, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

*/s/ Paul L. Starita*
PAUL L. STARITA
Assistant U.S. Attorney
Attorneys for Plaintiff
United States of America
Email: paul.starita@usdoj.gov